United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON COLLINS,<br>Plaintiff,<br>v.<br>K. WILEY, et al.,<br>Defendants. | Case No. 26-cv-05127-RMI<br><br>**ORDER OF SERVICE** |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis*.

**DISCUSSION**

**1. Standard of Review**

Federal courts must engage in a preliminary screening of cases where prisoners seek redress from a governmental entity, or from an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Pleadings submitted by pro se parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the statement needs to give the defendant fair notice of the nature of the claim and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include detailed factual allegations in a complaint, the complaint must do more than recite elements of a cause of action and state conclusions; rather, a plaintiff must state factual allegations sufficient to raise the entitlement to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 555 (2007). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The Supreme Court has explained the standard this way: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**2. Legal Claims**

Plaintiff alleges that Defendants housed him in a cell with multiple missing window panels that exposed him to inclement weather and extreme cold and Defendants threatened him with a Rules Violation Report ("RVR") for attempting to cover up the missing panels.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). In its prohibition of cruel and unusual punishment, the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive force against prisoners. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). The Eighth Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer*, 511 U.S. at 832. To run afoul of the Eighth Amendment, prison conditions typically must imperil a prisoner's health or safety. *See Nielsen v. Thornell*, 101 F.4th 1164, 1174 (9th Cir. 2024).

A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison

official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id*. at 837. Neither negligence nor gross negligence is enough. *Id*. at 835–36 n.4.

Plaintiff alleges that during the relevant time period he was housed in a cell at Correctional Training Facility ("CTF") that was missing window panels and exposed him to inclement weather and extremely cold temperatures (ranging from 30 to 34 degrees). He covered up the exposed areas to protect himself from the harsh weather. On August 27, 2025, despite knowing that multiple window panels were missing from many cells at CTF, Defendant Deverick issued a memorandum prohibiting inmates from covering their cell windows in any way and informing inmates that they would be issued RVRs if they violated the memorandum. Defendant Wiley was responsible for the housing of Plaintiff and others and instructed that RVRs be issued for non-compliance.

In October 2025, while conducting an inspection of Plaintiff's cell, Defendant E. Vasquez ordered that Plaintiff's window coverings be removed and threatened the issuance of an RVR. Wiley and Defendant Forouzadeh also inspected Plaintiff's cell and ordered his window coverings removed. Plaintiff removed the window covering for fear of being issued an RVR. He was subject to the cold weather and insects and bugs flying in from October 2025 until January 2026, when the missing window panels were replaced.

Liberally construed, this states an Eighth Amendment claim against all Defendants for knowing that Plaintiff was being exposed to harsh weather because his cell was missing multiple window panels and doing nothing to address the issue. *See Farmer* at 837 (prison officials violate 8th Amendment if they know of and disregard an excessive risk to inmate health or safety); *see also Gillespie v. Civilettui*, 629 F.2d 637, 642 (9th Cir. 1980) (allegations that prisoner was forced to sleep in cell with near freezing temperature state cognizable 8th Amendment claim).

**CONCLUSION**

The Court orders that the following Defendants be electronically served at Correctional Training Facility: Associate Warden M. Deverick, Captain K. Wiley, Correctional Officer E. Vasquez, and Correctional Officer A. Forouzadeh.

United States District Court
Northern District of California

Service on the listed Defendants will be effected via the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the operative complaint (dkt. 1), this order of service, the notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form, a CDCR Report of E-Service Waiver form and a summons. The Clerk is also requested to serve a copy of this order on Plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which Defendants listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which Defendants decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver and of the notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form to the California Attorney General's Office, which, within 21 days, shall file with the Court a waiver of service of process for the Defendants who are waiving service and, within 28 days thereafter, shall file a magistrate judge jurisdiction consent or declination to consent form as to the defendants who waived service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk is requested to prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The Clerk will provide to the USMS the completed USM-285 forms and copies of this order, the summons and the operative complaint for service upon each Defendant who has not waived service. The Clerk will also provide to the USMS a copy of the CDCR Report of E-Service Waiver.

In order to expedite the resolution of this case, the Court orders as follows:

No later than **ninety days** from the date of service, Defendants shall file their motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and shall include as exhibits all records and incident reports stemming from the events at issue. If

United States District Court
Northern District of California

Defendants are of the opinion that this case cannot be resolved by such a motion, they shall so inform the Court prior to the date that such motion is due. Moreover, all papers filed with the Court shall be promptly served on Plaintiff.

At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (*en banc*), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003); *see Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (finding that *Rand* and *Wyatt* notices must be given at the time motions for summary judgment or motion to dismiss for non-exhaustion are filed, not earlier); *Rand*, 154 F.3d at 960 (establishing the separate paper requirement).

Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **thirty days** from the date the motion is served upon him. Additionally, Plaintiff must read the attached page headed "NOTICE – WARNING," which is provided to him pursuant to *Rand*, 154 F.3d at 953-954, and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If Defendants file a motion for summary judgment claiming that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Plaintiff should take note of the attached page headed "NOTICE – WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt*, 315 F.3d at 1120 n.4.

If Defendants wish to file a reply brief, they shall do so no later than **fifteen days** after the opposition is served. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel, if and when counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

Finally, it is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of

Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 30, 2026

ROBERT M. ILLMAN
United States Magistrate Judge

United States District Court
Northern District of California

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.